[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION — MOTION TO DISMISS
Plaintiff brings this suit against the office of the claims commissioner of the state to recover damages for the loss of his personal property while it was allegedly in the possession of employees of the state, specifically sheriffs employed by the Judicial Branch and employees of the Department of Correction. The defendant claims commissioner moves to dismiss the complaint on the basis of sovereign immunity. The court finds the issues in favor of the defendant commissioner.
The plaintiff began this action in small claims court in Manchester G.A. 12. That court granted the defendant's motion to transfer the case to the regular docket of the superior court in June 2002. In his complaint, the plaintiff alleges that he turned over certain personal property to a state sheriff on October 21, 1999, when he was incarcerated at that time. An attachment to the complaint indicates that the property included some jewelry that he values at $380.00. He alleges that the jewelry has disappeared while in the custody of the state.
Various documents in the court file on this case indicate that the plaintiff began to try to locate the property soon after his incarceration in 1999 and continuing through 2000 and 2001. His search was complicated by the fact that he was required to turn over to the state many other items of personal property during that period as a result of his incarceration, and the file on this case is full of property inventory forms signed by different Department of Correction officials relating to this other property.
In October 2001, the plaintiff filed a claim with the defendant office of the claims commissioner seeking compensation for the loss of personal property. The form filed by the plaintiff with the claims commissioner is not part of the court file. However, the commissioner's written decision makes no reference to the jewelry which seems to be the subject of this CT Page 12497 action, but rather refers only to other property, which is entirely different from the property that he claims is lost in the present case.
Based on his examination of property inventory forms related to the other property, which were submitted to him in connection with the plaintiff's claim, the commissioner denied the plaintiff's claim with respect to that other property, finding that the items had not been taken from the plaintiff.
In various documents submitted to the court in opposition to the commissioner's motion to dismiss the complaint in this case, the plaintiff contends that the commissioner's decision fails to consider all of the evidence and is, therefore, wrong on the facts. He also contends that the decision was the product of racial prejudice and that his property was taken from him by the state arbitrarily and without due process, all in violation of his constitutional rights.
The many different claims and arguments put forth by the plaintiff make it difficult to determine whether he is pursuing a claim against the state for compensation for the loss of his jewelry or whether he is appealing the decision of the claims commissioner, which concerned different property. In either case, however, the law is against him.
A person is prohibited from suing the state for monetary damages unless specifically permitted to do so by the claims commissioner. Doe v.Heintz, 204 Conn. 17, 32 (1987). There is no evidence that the plaintiff ever sought permission to sue in this case pursuant to Conn. Gen. Stats. sec. 4-147, and the commissioner has not granted such permission. The plaintiff is barred, therefore, from bringing an action in this court for damages resulting from the loss of his jewelry.
The defendant is likewise prevented from appealing the commissioner's decision to this court. Conn. Gen. Stats. sec. 4-164 (b) provides that the action of the claims commissioner in rejecting payment of a claim is final and not subject to review by this court. This prohibition includes even appeals based on alleged violations of constitutional rights. Doev. Heintz, supra, 34.
Although the court is required by law to dismiss the complaint in this case, the plaintiff may be entitled to bring his claim regarding the jewelry to the office of the claims commissioner inasmuch as it appears that was not included in the prior proceeding it the commission. He may also be entitled to proceed under the provisions of Conn. Gen. Stats. sec. 4-156, if the inventory form that includes the jewelry was not discovered until after the prior proceedings were completed. The court's CT Page 12498 decision in this case does not affect the rights of either party in any such further proceeding.
For the reasons set forth above, the defendant's motion to dismiss is granted.
Maloney, J. CT Page 12499